## JAMES HOOK *v.* EDWARD ROBISON.

THIS was an action of *indebitatus assumsit* for 50*l.* had and received.

1795.

*Young*, for the plaintiff, offered to prove, that *Hook* and *Robison* exchanged horses, *Hook* giving with his horse 8*l.* That, it afterwards appearing, that the horse which *Hook* had received from *Robison*, having been stolen from one *Rhinberger* in *Maryland*, was reclaimed by him, *Hook* had given him up to the owner, and now brought this action, to recover the money which he had given to *Robison*, and also the further sum of 26*l. Virginia* money, which, he proposed also to prove, *Robison* had afterwards received, for the horse he got from *Hook* and sold to another.

*Woods* and *Purviance*, for the defendant. The action is for *money* had and received, we cannot admit evidence of a *horse* had and received.

PRESIDENT. The evidence is clearly proper and must be admitted.

The evidence was then given, as stated.

*Woods.* The plaintiff, having given up the horse to *Rhinberger*, without any verdict or suit, has no right to call on the defendant now for the value of him; as it has never been established, that the defendant had not a good title to him, at the time of the sale. No man's property shall be taken from him, but by trial by jury. Were it otherwise, the plaintiff's cruel and indelicate treatment of the defendant, in having him indicted for a felony of which he was acquitted,* ought to prevent any recovery by him, and subject him to the costs of the prosecution. The acquittal on this indictment is evidence, that the defendant had the property of the horse.

*Young*, for the plaintiff. *Hook* had his option to contest the property of the horse with *Rhinberger*, or give up the horse, and sue *Robison*. We are not now trying an action for a malicious prosecution.

* *Robison* had been indicted in *Washington* for stealing *Rhinberger's* horse, and acquitted, chiefly for want of *Rhinberger's* testimony to prove that the horse was really stolen; so that it appeared only that he was claimed by *Rhinberger* as stolen from him.

PRESIDENT. 1. It is true, the plaintiff might have kept the horse, till *Rhinberger* compelled him by law to give him up. But then he must have run the risk of paying the costs of that law suit, and of never recovering this additional loss from *Robison*. His not taking this method is no injury to the defendant; for he may now prove, that the horse was his; and, if he do so, *Hook* will recover nothing.

2. You ought not, in this collateral action, to punish *Hook* for a malicious prosecution. *Robison* may seek his remedy for that, and if he think it proper, perhaps yet will. If he do, *Hook* must answer or pay for it. Now, he is not obliged to explain it. Your making him pay now, might be making him pay twice.

---

### ON CERTIORARI.

PROCEEDINGS of a justice of the peace in three or four actions for debts before him, having been removed by writs of *certiorari*, the judgments and proceedings were set aside; because the summonses did not state any day, on which the defendants should appear before him.